Karyn RIDGEWAY, et al., Plaintiffs,

v.

MONTANA HIGH SCHOOL ASSOCIATION, et al., Defendants.

No. CV 82-59-M-CCL

United States District Court, D. Montana, Missoula Division.

Sept. 5, 1990.

Mark S. Connell, Missoula, Mont., Stephen L. Pevar, Denver, Colo., Susan M. Rogers, Little Rock, Ark., Barry Gomberg, Ogden, Utah, for plaintiffs.

Ron Waterman, Helena, Mont., Jeremy Thane, Missoula, Mont., Rick Bartos, Helena, Mont., Jonathan B. Smith, Kalispell, Mont., Chadwick H. Smith, Helena, Mont., for defendants.

FINAL JUDGMENT AND DECREE

LOVELL, District Judge.

This matter came before the court on the final report of Special Master Frank I. Haswell and the final progress reports and briefs from the parties. The court has carefully reviewed and considered these submissions, and all prior proceedings herein, and now

ORDERS, ADJUDGES and DECREES:

1) The terms of the following are hereby incorporated into this Judgment and Decree, and by reference thereto made a part hereof: The provisions of the Settlement Agreement heretofore approved by the Order of this court dated June 20, 1984 (except as to the seasons issue); the Opinion and Order of this court dated March 13, 1989; and the Opinion and Order of this court dated May 8, 1986, 633 F.Supp. 1564 (D.Mont.1986), as affirmed by the Ninth Circuit Court of Appeals, 858 F.2d 579 (9th Cir.1988). As incorporated, the provisions of this decree shall provide a framework for establishing and maintaining gender equity in Montana high school athletics.

2) The Montana High School Association shall enforce, through appropriate sanctions and penalties against offending schools and school districts, compliance with this decree and with pertinent provisions of federal and state law in individual sports programs. The court urges the schools and school districts to continue their ground-breaking, cooperative efforts to ensure gender equity for student athletes.

3) In enforcing this decree, the Montana High School Association shall give close attention to the particular areas of concern identified in the Special Master's final report of November 6, 1987.

4) The Montana High School Association shall initiate and enforce procedures for all its member schools to complete and submit to it periodic self-assessment surveys, and shall regularly evaluate such surveys in an effort to determine whether equality of athletic opportunity is being achieved and maintained in Montana's high schools.

5) The Montana High School Association shall require its member schools to conduct student interest surveys on a regular basis

for the purpose of measuring the athletic interests of both male and female students, and of meeting the students' identified interests insofar as allocation of available resources permits.

6) The State of Montana Office of Public Instruction shall maintain its educational efforts to acquaint its own staff, school administrators, athletic directors, coaches, students and parents with the requirements of federal and state law and of this decree.

7) The State of Montana Office of Public Instruction shall cooperate with the Montana High School Association and with individual schools and school districts in efforts to improve measurably recruiting and scholarship opportunities in girls' basketball and volleyball.

8) In light of all the conditions existing in Montana high school athletics, implementation of a change in the seasons for girls' volleyball and basketball is not necessary to materially further the objectives of this decree, i.e., to achieve and maintain gender equity in athletics. The seasons' alignment therefore shall remain as determined by the Montana High School Association.

9) The court shall retain continuing jurisdiction in this case. Willful violation of this decree shall be punishable as a contempt of the authority of this court, and may be prosecuted by any party to this action.

The clerk is directed forthwith to notify counsel of entry of this order.